And we will go on to appeal 1821-28, United States v. William Block. You got there very quickly. Okay. Mr. Henderson, good morning. Good morning. It's going to be morning for a long time. We started early. Okay. May it please the Court, I am Peter Henderson. I represent Bill Block. There are a number of procedural problems in this case, but the most important is that the district court lacked jurisdiction to revoke Mr. Block's term of supervised release after it had expired. I want to ask you something real quickly. I don't do anything quickly. All right. If Block succeeds in this claim, is he trading a revocation of supervised release for a possible new criminal case and conviction? In other words, if the government is unable to use the allegations to revoke supervised release, doesn't that increase the likelihood that it will see criminal charges based on that conduct? And would that be a preferable outcome for him here? Well, I suppose my friend can maybe answer that better than I can, but I would hope that the U.S. government wouldn't make charging decisions about burdens of proof and evidence based on the outcome of a revocation proceeding. I suppose the question is a little bit irrelevant. The court didn't have jurisdiction. Whether I would prefer that this sentence be served or not doesn't really matter because the court didn't have the power to impose this revocation sentence. I mean, well, like in practical effect, are you saying that the court should have handed him a summons to appear at the status hearing at which he already was appearing or issued a warrant for his arrest when he was already present and the court had ordered him to be taken into custody? Are we elevating form over substance here if we take that position? No, Your Honor. We're giving effect to the jurisdictional statute. The jurisdictional statute requires a summons or a warrant. The probation officer recognized that. The probation officer had a plan of, you know, here's a blank summons. When he comes in, let's fill it out, let's serve it on him, and then we won't have to worry about the timing. And it may be this was just a mistake. It slipped through the cracks. There was a different probation officer at the hearing than the officer who actually prepared the petition and the blank summons. In practicality, I think Your Honor is entirely correct, and that's the decision this court made almost 30 years ago to say, look, as long as he's got notice, as long as things have initiated, we don't need to worry about revoking, actually revoking the term after the term expires. Congress then amended the statute and said in no uncertain terms you need to issue a summons or warrant before the term expires. Maybe that's not the best practical solution, but that's the solution that Congress decided upon. There's no warrant or summons in this case. No warrant or summons was issued. I think the government's argument is basically to say we should read this statute as if it says a summons or warrant or something akin to that. And, of course, that's just not what the statute says. I think that the government's argument would create a circuit split. Frankly, I think it contradicts the Second Circuit in John Vere, the Third Circuit in Merlino, that treat this statute as a jurisdictional statute. It's a bright line rule. It's a lot like a notice of appeal in a civil case. It doesn't matter why you filed the notice of appeal 15 days later. You're out of luck. The equities don't come into it. Has it come to his attention that it could be possible that the government would see criminal charges? Certainly. That's what he was asking for in the district court. And would it be preferable? Well, of course, we don't want him to be charged with wire fraud or mail fraud or anything like that. This is sort of a strange case. Thank you for that. The government came in and asked for a 16-year sentence on revocation of supervised release. If you were charged with a new case, I think his guidelines would be five or six years, something like that. And we came into this and said, look, Judge, this is supervised release revocation. If the government wants to charge him with something new, they should have to get an indictment. They should have to prove it beyond a reasonable doubt. Give him 15 to 24 months as a breach of the court's trust. And if the government wants to take further actions, they can. And the district court expressed a sentiment, which I think is common but a little bit disheartening for us, when he says, well, this is supervised release. We don't need to go through all that rigmarole. And a 16-year sentence was advocated by both the government and the probation office. You know, there are relaxed protections in supervised release proceedings. They are more informal proceedings. We want those due process protections. We want an indictment to come. If the government is going to seek such a lengthy term of imprisonment, it should happen with a new case, not on supervised release. Let me just turn briefly to whether the term actually expired. That's sort of the backup argument to say, well, it was suspended while he was detained, and so it never actually expired. I think that that actually is negated by the Supreme Court. In that Johnson case in 2000, they explicitly found that supervised release continues to run while you're in prison on a revocation of supervised release. The same would be true if you are in custody pending a revocation of supervised release. Section 3624E refers to the relationship between the federal term of supervised release and a different sentence. Probation, parole, supervised release will run concurrently. Imprisonment will run consecutively. Mr. Block was not imprisoned in connection with another offense. He was detained pending a revocation hearing. His supervised release was running, and it ran out in April of 2017. And we know this from a case from this circuit from three years ago, United States v. Golden. The government alleged that while somebody was detained pending revocation of supervised release, he committed a new violation, and that he committed a battery in jail. The district court sustained that allegation, and this court affirmed. It would be impossible for him to have violated supervised release if supervised release was suspended while he was in detention. So I think that that points to our common sense understanding that supervised release continues to run while you're detained on a supervised release allegation. I think our brief adequately addresses the other procedural issues in this case, so I'll reserve whatever time I have for rebuttal. Thank you. Hello, Ms. Greenwald. Good morning. May it please the court. The government is not saying this is something akin to a warrant or a summons. We're saying it is a summons within the meaning of that statute. Because the first thing, as the 11th Circuit said in Presley, when you look at this statute, you've got to look at the context. We're not talking about a person who's not under the supervision of a court. We're interpreting the word summons in the context of someone who's in constructive custody of the court. Why shouldn't we take the language to mean exactly what it says? That a summons or warrant must issue for a court to retain the power to revoke after expiration of the term. Isn't that a much easier standard to follow and to apply consistently than an ad hoc determination as to whether the court's actions were summon-like or warrant-like? Agreed. And so the question is, what does summons mean in the context of that statute? Not ad hoc. In the context of a statute that's dealing with people under constructive custody of the court. And the government's bottom line position is that when the defendant was put in custody by the court, when he appeared and was put in custody, and the court issued an order saying he will have his revocation hearing on, I believe it was February or March 6, 2018 at 11 o'clock a.m., that was a summons to the defendant who was in custody of the marshals to appear before the court on March 6. You really believe that? Yes. At 11 o'clock a.m. Look. To appear. If he hadn't have appeared, well, Your Honor, if he hadn't have appeared, he would have been, the judge wouldn't, if the judge set the rule to show cause hearing for March 6 at 11 o'clock a.m. and the defendant in custody had refused to come. Look at what we have here. Yes. The probation officer suggests the court would lose jurisdiction if it didn't issue a warrant or summons before the supervised release expired on April 13, 2017. And the probation officer attached a blank summons to the report, recommended waiting until Block appeared in court to fill out and serve it. It wasn't filled out, wasn't served when he appeared prior to the expiration, and because of that failure to follow through, we are forced and faced with these tortured arguments as to how to construe the actions of the court in this case, none of which involves a summons or a warrant, to nevertheless fulfill the statutory warrant or summons requirement. I mean... Well, Your Honor, the response to that is that the court at that hearing ordered him detained. So was the probation officer then, after he was taken into custody, to have gone to the court and said, could you also complete this summons and issue it to the defendant? I believe that the reasonable understanding of all the parties at that point was he's in custody. When the court ordered him to appear on March 6, 2018 at 11 a.m. in a minute order, that essentially summoned him. And I think that Congress, in looking at the word summons and warrant, made it in the context of a person in constructive custody of the court. The statute explicitly requires a warrant or a summons. Clearly, Congress could have chosen to require only actual notice to the defendant or to require only that the defendant appear before the court or to be placed in custody. But Congress chose not to do any of those things. We follow plain language of statutes. No, agreed, Your Honor. But as the court recognized impressly, what's meant by a summons or a warrant, for example, a summons can mean it's got to be sworn. A warrant can mean it's got to have an affidavit, but not in the context of a parolee or someone in constructive custody. So are you saying that a summons was issued before the expiration of the supervised release term? Yes. Well. I mean, that is the government's position in terms of the reasonable interpretation in the context of this scenario where a defendant is in custody. I mean, it would have, if the probation officer, as I say, had gone to the court with a defendant in custody and said, Your Honor, please also issue this summons to have him appear, it just seems pro forma. I think all three of us understand what your position is. Yes, Your Honor. The defendant didn't raise any of his other arguments. We'll also rest on our brief. The only other thing we would add is should you reach the issue of the illegal sentence, the government continues to maintain that it would be a plain error. But what I do want to make on the record is that even under harmless error, even if this court were to find it's a harmless error analysis, that is equally applicable. So let me ask you, would a possible outcome here be criminal charges? I have no idea, Your Honor. And I wasn't the trial counsel on this case, so I'm just handling it on appeal. Clearly, it's all within the statute of limitations, but I have. The one thing I will say about this defendant and the court's motivation in terms of talking about 192 months and the government's motivation and the probation officer's motivation, there is every indication this defendant will continue doing this. I mean, on that, the record is clear. So, you know, the likelihood of the government having to address this defendant's conduct in some time in the future, given his past conduct, unfortunately is extremely likely, whether it be... Well, we can't take that into consideration. Of course not, but I'm just saying that the record here, just to defend the government's position and the probation officer in terms of asking for 192 months and no further supervised release for this defendant, it was because even after he'd been taken before the court... We shouldn't even be listening to this. Pardon me? We shouldn't be listening to this argument. Oh, no, no, no, this is on the record. No, no, no, I'm just... All I'm responding to now is the defendant's argument that the government had asked for 192 months. Oh, okay. That's all I'm talking about. Okay. Thank you. Oh, absolutely. Okay. But the reason we asked for 192 months was because even while he had been brought before the court on a rule to show cause, and at the time the court said, don't do this anymore, he was doing it and continued doing it. Oh, my. Okay. For all these reasons, we ask that the court affirm the revocation and sentence in place. Thank you. Thank you. Anything further? Mr. Henderson? I think the court... Did you drop us out or something? I think the court has my position. I just would want to reiterate our request from the brief that if the court does think the district court lacked jurisdiction, that it think about ordering Mr. Block immediately released from custody. Thank you. Thank you very much. The case will be taken under advisement.